# CURRENT OHIO SUPREME COURT CASES
## Weekly Advance Abstract Opinions

17771—Navarre Motor Car Co. v. Elmer Gessaman. Motion for an order directing the Court of Appeals of Stark county to certify its record. Overruled.

17772—Henrietta M. Miller v. The First Trust Savings Bank. Motion for an order directing the Court of Appeals of Stark county to certify its record. Overruled.

## SUPREME COURT OF OHIO
### Tuesday, January 30, 1923
### MOTION DOCKET

17757—M. G. Roberto et al v. Rudolph Siefield et al. Motion for an order directing the court of appeals of Ottawa county to certify its record. Overruled.

17757—M. G. Roberto et al v. Rudolph Siefield et al. Motion by defendants to dismiss petition in error in Cause No. 17757 on the General Docket. Sustained.

17767—Elizabeth Bauman v. Carle L. Bauman. Motion for an order directing the court of appeals of Montgomery county to certify its record. Overruled.

17776—The Village of Struthers v. George Sokol. Motion for an order directing the court of appeals of Mahoning county to certify its records. Sustained.

17777—The City of Youngstown v. John Saudela. Motion for an order directing the court of appeals of Mahoning county to certify its record. Sustained.

17781—M. E. Walls v. Thomas L. Mitchell et al. Motion for an order directing the court of appeals of Fulton county to certify its record. Sustained.

17803—The State ex rel. John W. Bowden et al. v. David C. Hamilton, director of public safety et al. Motion for an order directing the court of appeals of Mahoning county to certify its record. Overruled.

17819—George D. Meeker et al v. John K. Scudder et al. Motion by plaintiff for temporary restaining order. Overruled.

### Thursday, February 1

17802—The Edward D. Woodward Co. v. Vernon Calvert Hart; Hamilton county; motion to certify record.

17775—Industrial Commission v. Lillian Everett; motion to certify record, Hamilton county.

17797—Fred Burton v. Charles W. Strawser et al.; motion to certify record; Williams county.

17796—George W. Burns v. Hugh W. Grant, as trustee in bankruptcy of the Greenwood Gum Co.; motion to certify record; Mahoning county.

17793—The Cleveland Railway Co. v. Ida Greenberg; motion to certify record; Cuyahoga county.

17794—Franklin Alter, Jr., et al., v. the Union Savings Bank and Trust Co., et al.; motion to certify record, Hamilton county.

17790—The Newark Telephone Co. v. the City of Newark, Ohio; motion to certify record, Licking county.

### Friday, February 2

17808—David Jones, a minor by ect., v. the Newton Steel Co.; motion to certify record; Mahoning county.

17788—Peter Tomko v. the Standard Oil Co.; motion to certify record; Cuyahoga county.

17799—The National Casualty Co. v. Charles L. Kreakler; motion to certify record; Montgomery county.

17804—Edward C. Herring v. D. H. Wysong; motion to certify record; Montgomery county.

17801—The Ohio Steel Products Co. et al. v. the Western Reserve Bond and Share Co.; motion to certify record; Mahoning county.

17791—Valentine Schafer v. Jay W. Haller, guardian; motion to certify record; Crawford county.

17798—State of Ohio ex rel Medical Centre Co. v. George Wallace, Clerk; mandamus (on merits).

## GENERAL DOCKET
### Tuesday, January 30

17472—Raymond J. Logan v. the Cleveland Railway Co.; Cuyahoga county. Error.

17605—William Loftus, by ect., v. the Pennsylvania Railroad Co. et al.; Cuyahoga county. Error.

### GENERAL DOCKET

17572—The Ohio Collieries Co. v. Elizabeth Cooke; Perry county. Error.

17654—The Anthony Carlin Co. v. Walker D. Hines, director general of railroads; Cuyahoga county. Error.

## SYLLABI

No. 17402—Joseph Ochsner, Admr., v. the Cincinnati Traction Co. Error to the court of appeals of Hamilton county.

VERDICT—(1) Two issues and one cause of action—Effect of general verdict—Judgment not to be reversed as to error in instructions relating to one issue—(2) Misleading paragraph in charge, not prejudicial error if charge as a whole is correct.

DAY, J.:

1. In a suit for damages for wrongful death when two issues arising on a single cause of action are submitted to a jury, to wit: first, negligence, and second, damages, and in order to recover plaintiff must prevail upon both, and upon trial a general verdict is returned for defendant, and such verdict might have been so returned on either or both of such issues, and there is nothing in the record to disclose upon which issue the jury based its verdict, a judgment on the same should not be reversed even though error may have intervened in the instructions of the court to the jury relating exclusively to one of such issues. (Sites v. Haverstick, 23 Ohio St., 626; Beecher v. Dunlap, 52 Ohio St., 64; McAllister v. Hartzell, 60 Ohio St., 69; State ex rel. Lattanner v. Hills, 94 Ohio St., 171-172; and Jones v. Erie Railroad, 105 Ohio St., ——, approved and followed.)

2. When a paragraph in a charge taken by itself might be misleading to a jury, yet when such part is considered in the light of the entire instructions of the court, and the charge is considered as a whole, no prejudicial error appearing, the judgment on a verdict will not be reversed.

Judgment affifirmed.

Marshall, C. J., Robinson, Jones, Matthias. and Allen, JJ., concur.